IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMZI YOSAF, | ) | Civil Action No. 22-1492 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF PITTSBURGH, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, RAMZI YOSAF, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby file this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action to redress the deprivation by the Defendant of the Plaintiff's rights, and in particular, the right to be free from racial discrimination and discrimination based on his national origin. This action is brought against the Defendant for violating the Plaintiff's rights under Title VI of the Civil Rights Act of 1964, Section 42 U.S.C. 2000d et seq.

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

4. Plaintiff, Ramzi Yosef, is an adult male individual. At all times relevant to this Complaint, Plaintiff was a resident of Allegheny County, Pennsylvania. Plaintiff is also an ethnic Arab and a Libyan national. At all times relevant to this Complaint, Plaintiff held a student visa.

5. Defendant, University of Pittsburgh, is public university of the Commonwealth of Pennsylvania with administrative offices located at 4200 Fifth Avenue, Pittsburgh, Pennsylvania 15260.

6. At all times relevant hereto, Defendant was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

## FACTUAL ALLEGATIONS

7. In or about 2011, Plaintiff enrolled as a student of Defendant's Swanson School of Engineering in order to pursue a doctoral degree.

8. While the Plaintiff was a student of Defendant's Swanson School of Engineering, Plaintiff was subjected to discrimination and harassment by Defendant's staff and administration due to his ethnicity, Arab, and/or national origin, Libya.

9. By way of example, in the fall semester of 2011, during a lecture in Defendant's "Advanced Steel Analysis" course, Defendant's professor, Kent Harries ("Harries"), looked directly at the Plaintiff and stated to the class, "As you all know, we here in this country build towers and some other people from other countries come and destroy what we build."

10. Plaintiff believes, and therefore avers, that this statement was both unnecessary and discriminatory, since Dr. Harries' reference was related to the attacks by individuals from Middle Eastern countries on September 11, 2001.

11. In or about 2015, Dr. Harries and Defendant's Department Chair, Radisav Vidic ("Vidic"), attempted to persuade the Plaintiff to leave Defendant's Swanson School of Engineering and to seek his PhD at a different institution in the United States of America. No justifiable reason was given for that conduct.

12. In or about 2015, Plaintiff's academic advisor retired from his position with the Defendant.

13. Sometime thereafter, Defendant appointed Dr. Harries as the Plaintiff's new academic advisor.

14. In or about August of 2016, Dr. Harries demanded that the Plaintiff register for a course which the Plaintiff had already completed while pursuing his master's degree.

15. Plaintiff declined to register for that course, as he had already taken the course for his master's degree.

16. Dr. Harries then reported the Plaintiff to Dr. Vidic and the Academic Coordinator for Graduate Studies, Leonard W. Casson ("Casson").

17. At that time, Dr. Casson screamed at the Plaintiff and stated, "you either have to take this course and pay money to the school or you get out of here and leave. This country is capitalism and is not like yours. You either pay or leave. You understand, or no?"

18. On or about November 13, 2019, Plaintiff presented his PhD dissertation defense to a selected PhD committee, including, Dr. Harries, Dr. Vidic, Jeen Shang Lin ("Lin"), and Julie Vandenbossche ("Vandenbossche").

19. Notably, in 2017, Dr. Vandenbossche and Dr. Lin admitted to the Plaintiff that they had no academic background concerning the subject of the Plaintiff's PhD dissertation defense.

20. In a memo dated November 19, 2019, Plaintiff was informed that the aforementioned PhD committee found that "both [the Plaintiff's] submitted thesis and 13 November 2019 defense failed to meet the minimum standards expected to be conferred [sic] a PhD degree." As a result, the Plaintiff did not pass his defense examination.

21. The committee's stated reason for not passing the Plaintiff's defense examination is pretextual and unworthy of belief.

22. Prior to the Plaintiff's defense examination, Defendant's committee had numerous opportunities to review the Plaintiff's thesis.

23. Furthermore, Dr. Harries reviewed the Plaintiff's thesis and data, in his capacity as an advisor for the Plaintiff, before sending it to the committee prior to the Plaintiff's defense examination.

24. Plaintiff believes, and therefore avers, that he was discriminated against by the Defendant's committee based on his ethnicity and/or national origin in that the committee failed the Plaintiff's PhD defense examination.

25. In a letter dated February 17, 2020, from Defendant's Vice Provost for Graduate Studies and Strategic Initiatives, Nathan Urban ("Urban"), Dr. Urban advised that Defendant's department "form a new committee, which must include at least one member from outside of the CCE department" and the Plaintiff was to be examined by the new committee, per Defendant's policies and procedures.

26. Plaintiff did not give written consent to the new committee, as required by Defendant's policies and procedures.

27. The new committee was not accepted by Defendant's dean, as required by Defendant's policies and procedures.

28. On or about May 18, 2020, Plaintiff presented his PhD dissertation defense to the new committee.

29. Plaintiff believes, and therefore avers, that the new committee, which included the members of the previous committee and one (1) additional member, Albert To, did not properly follow Defendant's policies and procedures in evaluating the Plaintiff's dissertation defense, including but not limited to, providing Plaintiff with a proper analysis of his work.

30. In a memo dated May 20, 2020, Plaintiff was informed that the PhD committee found that the Plaintiff failed to meet the minimum standards in his dissertation defense.

31. The reasons provided to the Plaintiff by the committee for failing Plaintiff's defense examination are pretextual and unworthy of belief.

32. Dr. Harries used the Plaintiff's data and a synthesis of the collected data in the above-described defense examinations in academic publications in 2018 and 2021 without crediting the Plaintiff for his work.

33. Plaintiff did not discover the publications and misappropriations of his work until in or about 2021.

34. Plaintiff believes, and therefore avers, that he was discriminated against by the Defendant's committee based on his ethnicity and/or national origin in that the committee failed Plaintiff's PhD defense examination and then, later, misappropriated the Plaintiff's work without his consent.

35. As a result of the Plaintiff's failure to pass his dissertation defense, Plaintiff was dismissed from Defendant's doctoral program.

36. As a result of Plaintiff's dismissal from Defendant's doctoral program, Plaintiff's student visa expired, as the visa remained valid only so long as Plaintiff was enrolled in Defendant's doctoral program.

37. Plaintiff appealed the committee's decision to fail the Plaintiff's dissertation defense examination.

38. At or about that time, Plaintiff made complaints of discrimination by employees of the Defendant, as aforementioned, in emails to Defendant's Associate Director of Academic Affairs, Jennifer Walker ("Walker"), and the Dean of the Swanson School of Engineering, James R. Martin II ("Martin").

39. Plaintiff also threatened to take legal action against the Defendant for its employees' discriminatory actions in the communications to Dr. Walker and Dr. Martin.

40. In a letter dated October 23, 2020, Vice Provost for Graduate Studies, Amanda J. Godley ("Godley") denied the Plaintiff's appeal and confirmed the decision to dismiss the Plaintiff from Defendant's doctoral program.

41. Plaintiff further believes, and therefore avers, that he was discriminated against based on his ethnicity, Arab, and/or national origin, in that Defendant denied his appeal and/or retaliated against by the Defendant for reporting discrimination and/or invoking his right to access the courts in that Defendant denied his appeal.

42. As described hereinbefore above, Defendant's discrimination against the Plaintiff based on his ethnicity and/or national origin was part of a continuing course of conduct meant to harm the Plaintiff.

43.     As a result of the Defendant's illegal conduct, as described hereinbefore above, Plaintiff's professional reputation as a civil engineer and his ability to find work in that field have been irreparably harmed.

## COUNT I:

## PLAINTIFF v. DEFENDANT

### VIOLATION OF PLAINTIFF'S RIGHTS UNDER
### TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### 42 U.S.C. 2000d et seq.

### TITLE VI

44.     Plaintiff incorporates by reference Paragraphs 1 through 43 as though fully set forth at length herein.

45.     Defendant is a public university.

46.     Plaintiff is an ethnic Arab and a Libyan national.

47.     As more fully described hereinbefore above, Plaintiff was continuously subjected to discrimination based on his ethnicity and/or national origin, in that Defendant's committee repeatedly failed the Plaintiff's defense examinations, the Defendant denied his appeals, as more fully described hereinbefore above, and Defendant dismissed the Plaintiff from its doctoral program all for reasons which were pretextual to mask discrimination based on his ethnicity and/or national origin.

48.     As a direct and proximate result of the Defendants actions, as more fully described hereinbefore above, Plaintiff was unable to finish his doctoral degree as a student of the Defendant and Plaintiff's student visa expired.

49.     The reasons provided by the Defendant in failing Plaintiff's defense examination are pretextual and unworthy of belief, as Dr. Harries used the Plaintiff's data and a synthesis of the

collected data in the above-described defense examinations in academic publications in 2018 and 2021 without crediting the Plaintiff for his work.

50. As a direct and proximate result of the acts described hereinbefore above, perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

    a. violation of the Plaintiff's rights under Title VI of the Civil Rights Act of 1964;

    b. Plaintiff's ability to complete his academic studies was permanently impaired;

    c. damage to Plaintiff's professional reputation;

    d. Plaintiff's student visa expired;

    e. economic damages related to any and all other consequential costs; and

    f. emotional distress;

    g. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                       JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S RIGHTS UNDER
TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. 2000d et seq.

TITLE VI - RETALIATION

51. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

52. As more fully described hereinbefore above, Plaintiff's appeal was denied and the Plaintiff was dismissed from the Defendant's doctoral program.

53. Plaintiff believes, and therefore avers, that he was dismissed from the Defendant's doctoral program in retaliation for his complaints of discrimination by the Defendant, as more fully described hereinbefore above.

54. As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff was unable to finish his doctoral degree as a student of the Defendant, and Plaintiff's student visa expired.

55. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

    a. violation of the Plaintiff's rights under Title VI of the Civil Rights Act of 1964;

    b. Plaintiff's ability to complete his academic studies was permanently impaired;

    c. damage to Plaintiff's professional reputation;

    d. Plaintiff's student visa expired;

    e. economic damages related to any and all other consequential costs; and

    f.    emotional distress;

    g.    such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUION

<u>RETALIATION</u>

56.    Plaintiff incorporates by reference Paragraphs 1 through 54 as though fully set forth at length herein.

57.    At all times relevant hereto, pursuant to the First Amendment, Plaintiff had a right to be free from retaliation based on invoking his right to take legal action against the Defendant alleging discrimination based on his ethnicity and/or national origin.

58.    As more fully described hereinbefore above, Plaintiff's appeal was denied and the Plaintiff was dismissed from the Defendant's doctoral program.

59.    Plaintiff believes, and therefore avers, that he was dismissed from the Defendant's doctoral program in retaliation invoking his right to take legal action against the Defendant

10

alleging discrimination based on his ethnicity and/or national origin, as more fully described hereinbefore above.

60. As a direct and proximate result of the Defendants actions, as more fully described hereinbefore above, Plaintiff was unable to finish his doctoral degree as a student of the Defendant and Plaintiff's student visa expired.

61. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

    a.    violation of the Plaintiff's rights under Title VI of the Civil Rights Act of 1964;

    b.    emotional distress;

    c.    damage to Plaintiff's academic studies;

    d.    damage to Plaintiff's professional reputation;

    e.    Plaintiff's student visa expired;

    f.    economic damages related to any and all other consequential costs; and

    g.    such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                         JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiffs*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: October 21, 2022

Case 2:25-cv-904925-RJC Document 1197 Filed 10/21/22 Page 12 of 12