**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAMZI YOSAF,** | ) | |
| | ) | **Civil Action No. 2:22-cv-01492** |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Hon. Robert J. Colville** |
| | ) | |
| **UNIVERSITY OF PITTSBURGH,** | ) | |
| | ) | **Jury trial demanded.** |
| **Defendant.** | ) | |

## ANSWER AND ADDITIONAL DEFENSES

AND NOW, comes the Defendant, the University of Pittsburgh – of the Commonwealth System of Higher Education (the "University"), by and through its undersigned counsel and respectfully submits the following Answer and Additional Defenses to the Complaint filed by Plaintiff Ramzi Yosaf ("Plaintiff"). The numbered paragraphs below correspond with the paragraphs in the Complaint. Unless specifically admitted herein, each and every factual averment in the Complaint is denied.

## I.    Answer

Jurisdiction and Venue

1.    The averments contained in Paragraph 1 of the Complaint are conclusions of law to which no response is required. If a response is deemed necessary, these averments are denied.

2.    The averments contained in Paragraph 2 of the Complaint are conclusions of law to which no response is required. If a response is deemed necessary, these averments are denied.

3.    The averments contained in Paragraph 3 of the Complaint are conclusions of law to which no response is required. If a response is deemed necessary, these averments are denied.

Parties

4.      The averments contained in Paragraph 4 of the Complaint are admitted in part and denied in part.  The University admits that Plaintiff is an adult individual and that, at relevant times, Plaintiff held a student visa.  The University lacks sufficient knowledge or information to admit or deny the remaining averments and, as such, they are denied.

5.      The averments contained in Paragraph 5 of the Complaint are admitted in part and denied in part.  The University is located in Pennsylvania with administrative offices at 4200 Fifth Avenue, Pittsburgh, Pennsylvania, 15260.  The remaining averments are denied.  By way of further response, the University is a state-related institution.

6.      The averments contained in Paragraph 6 of the Complaint are conclusions of law to which no response is required.  If a response is deemed necessary, these averments are denied.


Factual Allegations

7.      Admitted.

8.      The averments contained in Paragraph 8 of the Complaint are denied.  On the contrary, the University did not discriminate against Plaintiff based upon his ethnicity and/or national origin.

9.      The University lacks sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 9 of the Complaint.  As such, these averments are denied.  By way of further response, the University denies discriminating against Plaintiff based upon his ethnicity and/or national origin.

10. The University lacks sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 10 of the Complaint. As such, these averments are denied.

11. The University lacks sufficient knowledge or information to be able to specifically admit or deny the averments contained in Paragraph 11 of the Complaint. As such, these averments are denied. By way of further response, any discussions between the University and Plaintiff regarding transferring institutions occurred after Plaintiff admitted to plagiarizing his PhD proposal.

12. The averments contained in Paragraph 12 of the Complaint are denied. On the contrary, Plaintiff's academic advisor retired on December 31, 2017.

13. Admitted.

14. The University is without sufficient knowledge or information to be able to admit or deny the averments contained at Paragraph 14 of the Complaint. As such, these averments are denied. By way of further response, on December 11, 2015, Plaintiff signed an agreement acknowledging that he had plagiarized his April 2015 PhD Dissertation Proposal. Despite this serious academic misconduct, the University agreed to permit Plaintiff to pursue his PhD, subject to specific requirements, which Plaintiff accepted. Among these requirements were that Plaintiff complete certain courses.

15. The University is without sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 15 of the Complaint. As such, these averments are denied.

LEGAL\61270870\1

16.     The University is without sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 16 of the Complaint.  As such, these averments are denied.

17.     The University is without sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 17 of the Complaint.  As such, these averments are denied.

18.     Admitted.

19.     The University lacks sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 19 of the Complaint.  As such, these averments are denied.  By way of further response, Plaintiff's dissertation committee was appropriately staffed with faculty from the School of Engineering in accordance with University policy.

20.     Admitted.

21.     The averments contained in Paragraph 21 of the Complaint are denied.  On the contrary, the University communicated to Plaintiff that he did not pass his dissertation defense for numerous, specific, and substantial problems with his dissertation – all of which were thoroughly addressed in the University's November 2019 letter to Plaintiff.  These reasons were neither pre-textual nor discriminatory.

22.     Admitted.  By way of further response, members of the committee provided consistent feedback to Plaintiff that there were serious shortcomings in Plaintiff's thesis.

23.     Admitted.  By way of further response, Harries repeatedly communicated to Plaintiff that there were serious shortcomings in Plaintiff's thesis prior to Plaintiff's dissertation defense.

24.     The averments contained in Paragraph 24 of the Complaint are denied.  On the contrary, Plaintiff did not pass his dissertation defense for legitimate, non-discriminatory, non-pretextual reasons related to the content and quality of Plaintiff's work product.  The University denies discriminating against Plaintiff based on this ethnicity and/or national origin.

25.     Admitted.

26.     The averments contained in Paragraph 26 of the Complaint are denied as stated.

27.     The averments contained in Paragraph 27 of the Complaint are denied as stated.

28.     Admitted.

29.     The averments contained in Paragraph 29 of the Complaint are denied.  On the contrary, the May 2020 committee that heard Plaintiff's dissertation defense followed applicable University policies/procedures.

30.     Admitted.

31.     The averments contained in Paragraph 31 of the Complaint are denied.  On the contrary, the University communicated to Plaintiff that he did not pass his dissertation defense for numerous, specific, and substantial problems with his dissertation.  These reasons were neither pre-textual nor discriminatory.

32.     The University lacks sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 32 of the Complaint.  As such, these averments are denied.

33.     The University lacks sufficient knowledge or information to be able to admit or deny the averments contained in Paragraph 33 of the Complaint.  As such, these averments are denied.

34.     The averments contained in Paragraph 34 of the Complaint are denied.  On the contrary, the University did not discriminate against Plaintiff based upon his ethnicity and/or national origin.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     The averments contained in Paragraph 38 of the Complaint are admitted in part and denied in part.  The University admits that, during the appeal process in 2020, Plaintiff made allegations of discrimination against Harries.  The remaining averments are denied inasmuch as the phrase "at or about this time" is vague and undefined – a fact that is particularly problematic inasmuch as Plaintiff engaged in numerous appeals of his failure to pass his dissertation defense from approximately December 2019 to August 2020.

39.     The averments contained in Paragraph 39 of the Complaint are denied as stated. By way of further response, Plaintiff's then counsel, David Spear, acknowledged his representation of Plaintiff to the University on September 4, 2020.

40.     Admitted.

41.     The averments contained in Paragraph 41 of the Complaint are denied.  On the contrary, the University did not unlawfully retaliate against Plaintiff, nor discriminate against Plaintiff based upon his ethnicity and/or national origin.

42.     The averments contained in Paragraph 44 of the Complaint are denied.  On the contrary, the University did not discriminate against Plaintiff based upon his ethnicity and/or national origin.

LEGAL\61270870\1

43.     The averments contained in Paragraph 43 of the Complaint are denied.  On the contrary, the University did not retaliate against Plaintiff, nor discriminate against Plaintiff based upon his ethnicity and/or national origin.

Count I: Plaintiff v. Defendant, Violation of Plaintiff's Rights Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. (Title VI)

44.     The University herein incorporates its responses to Paragraphs 1 through 43, as set forth above.

45.     The averments contained in Paragraph 45 of the Complaint are denied.  On the contrary, the University is a state-related institution.

46.     The averments contained in Paragraph 46 of the Complaint admitted in part and denied in part.  The University admits that Plaintiff is a Libyan national.  The University lacks sufficient knowledge or information to be able to admit or deny Plaintiff's ethnicity.  As such, these averments are denied.

47.     The averments contained in Paragraph 47 of the Complaint are denied.  On the contrary, the University did not discriminate against Plaintiff based upon his ethnicity and/or national origin.  By way of further response, Plaintiff's repeated failure to pass his dissertation defense and ultimate dismissal from the University's PhD program were based upon legitimate, non-discriminatory, non-pretextual reasons related to the content and quality of Plaintiff's work product.

48.     The averments contained in Paragraph 48 of the Complaint are denied.  On the contrary, the University did not discriminate against Plaintiff based upon his ethnicity and/or national origin.  By way of further response, Plaintiff's repeated failure to pass his dissertation defense, ultimate resulting dismissal from the University's PhD program, and related expiration

7

of his student Visa were based upon legitimate, non-discriminatory, non-pretextual reasons related to the content and quality of Plaintiff's work product.

49.     The averments contained in Paragraph 49 of the Complaint are denied.  On the contrary, the Plaintiff did not pass his dissertation defense for legitimate, non-discriminatory, non-pretextual reasons.

50.     The averments contained in Paragraph 50 of the Complaint are conclusions of law to which no response is required.  If a response is deemed necessary, these averments are denied.

The averments contained in the un-enumerated "Whereas" paragraph following Paragraph 50 are a prayer for relief to which no response is required.  If a response is deemed necessary, these averments are denied.

Count II: Plaintiff v. Defendant, Violation of Plaintiff's Rights Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. (Title VI Retaliation)

51.     The University herein incorporates its responses to Paragraphs 1 through 50, as set forth above.

52.     The averments contained in Paragraph 52 of the Complaint are admitted in part and denied in part.  The University admits that Plaintiff's appeal of his failure to pass his dissertation defense was denied and that he was dismissed from the University's PhD program. The University denies that these events occurred in a manner consistent with Plaintiff's description in the Complaint.  As such, the remaining averments are denied.

53.     The averments contained in Paragraph 53 of the Complaint are denied.  On the contrary, the University did not unlawfully retaliate against Plaintiff.  By way of further response, Plaintiff's repeated failure to pass his dissertation defense and ultimate resulting

dismissal from the University's PhD program occurred for legitimate, non-retaliatory reasons related to the content and quality of Plaintiff's work product.

54.     The averments contained in Paragraph 54 of the Complaint are denied.  On the contrary, the University did not unlawfully retaliate against Plaintiff, nor discriminate against Plaintiff based upon his ethnicity and/or national origin.  By way of further response, Plaintiff's repeated failure to pass his dissertation defense, ultimate resulting dismissal from the University's PhD program, and related expiration of his student Visa were based upon legitimate, non-retaliatory, non-discriminatory, non-pretextual reasons related to the content and quality of Plaintiff's work product.

55.     The averments contained in Paragraph 55 of the Complaint are conclusions of law to which no response is required.  If a response is deemed necessary, these averments are denied.

The averments contained in the un-enumerated "Whereas" paragraph following Paragraph 55 are prayers for relief to which no response is required.  If a response is deemed necessary, these averments are denied.

Count III: Plaintiff v. Defendant, Violation of Plaintiff's Constitutional Rights, Specifically 42 U.S.C. § 1983 and the First Amendment to the United States Constitution (Retaliation)

56.     The University herein incorporates its responses to Paragraphs 1 through 55, as set forth above.

57.     The averments contained in Paragraph 57 of the Complaint are conclusions of law to which no response is required.  If a response is deemed necessary, these averments are denied.

58.     The averments contained in Paragraph 58 of the Complaint are admitted in part and denied in part.  The University admits that Plaintiff's appeal of his failure to pass his dissertation defense was denied and that he was dismissed from the University's PhD program.

LEGAL\61270870\1

The University denies that these events occurred in a manner consistent with Plaintiff's description in the Complaint.  As such, the remaining averments are denied.

59.     The averments contained in Paragraph 59 of the Complaint are denied.  On the contrary, Plaintiff was dismissed from the University's PhD program for legitimate, non-retaliatory, non-discriminatory, non-pretextual reasons related to the content and quality of his work product.

60.     The averments contained in Paragraph 60 of the Complaint are denied.  On the contrary, the University did not unlawfully retaliate against Plaintiff, nor discriminate against Plaintiff based upon his ethnicity and/or national origin.  By way of further response, Plaintiff's repeated failure to pass his dissertation defense, ultimate resulting dismissal from the University's PhD program, and related expiration of his student Visa were based upon legitimate, non-retaliatory, non-discriminatory, non-pretextual reasons related to the content and quality of Plaintiff's work product.

61.     The averments contained in Paragraph 61 of the Complaint are conclusions of law to which no response is required.  If a response is deemed necessary, these averments are denied.

The averments contained in the un-enumerated "Whereas" paragraph following Paragraph 61 of the Complaint are a prayer for relief to which no response is required.  If a response is deemed necessary, these averments are denied.

## II.     Additional Defenses

The University states the following defenses to the Complaint but does not assume the burden of any such defense, except as required by applicable law with respect to the particular

defense asserted.  The University reserves the right to amend this Answer and Additional Defenses to assert any other lawful defense of which it becomes aware.

1.      To the extent an answer or response may be required which is not set forth herein, the University generally denies all allegations contained in the Complaint that are not specifically admitted.

2.      Plaintiff failed to state a Title VI claim upon which relief can be granted.

3.      Plaintiff failed to state a 42 U.S.C. § 1983 claim upon which relief can be granted.

4.      Plaintiff failed to state a First Amendment claim upon which relief can be granted.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, unclean hands, and laches.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

9.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to adequately exhaust administrative remedies.

10.     Plaintiff is not entitled to recover damages of any kind.

LEGAL\61270870\1

Respectfully submitted,


*/s/Mariah L. Passarelli*
Mariah L. Passarelli, Esquire
PA I.D. No. 202469

Cozen O'Connor
One Oxford Centre, 41st Floor
301 Grant Street
Pittsburgh, PA 15219
mpassarelli@cozen.com
412.620.6502

Date:   January 27, 2023

LEGAL\61270870\1